IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CATHERINE DAVIS                                                                    PLAINTIFF

v.                                                       CIVIL ACTION NO. 5:11-cv-132-CWR-LRA

RIVER REGION HEALTH SYSTEMS                                                        DEFENDANT
A/K/A VICKSBURG CLINIC A/K/A
VICKSBURG HEALTHCARE, LLC

# MEMORANDUM OPINION AND ORDER

Before the Court are two motions, filed by the parties, seeking to exclude evidence at trial. The Court has considered the parties' motions, their responses, and attachments to the pleadings, and finds:

The Plaintiff's First Motion in Limine, Docket No. 71, is GRANTED IN PART and DENIED IN PART.

The Defendant's Motion in Limine, Docket No. 66, is DENIED.

## I. Background and Procedural History

This suit arises from Plaintiff Catherine Davis ("Davis")'s claim that Defendant River Region Health Systems ("River Region") retaliated against her for reporting sex harassment. Davis worked at River Region for twelve weeks from September to December 2010. She alleges that, during that time, she was subjected to several instances of retaliatory behavior after she reported allegations of sex harassment to her immediate supervisor. Davis further alleges that the retaliation was so severe that it caused her to experience an anxiety attack, leading her physician to advise her to resign.

On September 7, 2011, Davis filed several claims arising from the sex harassment allegations. On August 3, 2012, River Region filed its motion for summary judgment. After the

Court's ruling on that motion, the only claim that remains is Davis's claim of unlawful retaliation under Title VII of the Civil Rights Act of 1964. Docket No. 79. The parties now move to have certain evidence excluded at trial.

## II. Discussion

### A. Davis's First Motion in Limine, Docket No. 71

Through this motion, Davis seeks to exclude evidence regarding a prior lawsuit against Career Training Specialists, Inc., Debbie Woods, and John Childress. In her sworn interrogatories, Davis denied that she had been a party to any other lawsuit:

> INTERROGATORY NO. 2: For each bankruptcy proceeding, lawsuit or other administrative proceeding, including divorce proceedings, to which you have been a party, state:
> (a) The court or agency in which said proceeding was instituted, the names of the parties to the proceeding, the docket number of said proceeding, the date the proceeding was filed and the date the proceeding was finally terminated;
> (b) The nature of the proceeding, including a description of the claims and defenses, if applicable; and
> (c) The manner in which the proceeding was resolved (for example, by settlement, by court order).
>
> ANSWER TO INTERROGATORY NO. 2: None.

Docket No. 75-3 at 6. But the record shows that Davis did, in fact, file the aforementioned lawsuit on September 7, 2001. Docket No. 75-2. Therefore, Davis made a plainly false assertion in her sworn interrogatories. Evidence of this false statement is admissible for impeachment.

River Region separately argues that the prior lawsuit should be admitted as substantive evidence. Its first contention is that the evidence is relevant "to show that Ms. Davis was familiar with sexual harassment and retaliation claims and knew how to take action if she was experiencing harassment or retaliation at River Region." Docket No. 75 at 3. This argument fails on its face: Davis's familiarity with sexual harassment or retaliation laws is not relevant because

her knowledge of those laws, if any, is tangential to her retaliation claim. Indeed, the very purpose of having a separate claim for retaliation under Title VII is to protect employees who are aware of their rights. *See Pettway v. Am. Cast Iron Pipe Co.*, 411 F.2d 998, 1004-05 (5th Cir. 1969) ("There can be no doubt about the purpose of § 704(a). In unmistakable language it is to protect the employee who utilizes the tools provided by Congress to protect his rights.").

River Region's second contention is that the evidence is relevant "to demonstrate alternate causes of Ms. Davis' alleged emotional distress." Docket No. 75 at 3. This argument fails under Federal Rule of Evidence 403. The Court finds that the probative value of the prior lawsuit, if any, is substantially outweighed by its prejudicial effect. The lawsuit, which was nearly a decade old when Davis started working for River Region, is too remote for a jury to credibly weigh its contributions to any emotional distress that the plaintiff may have experienced. The defendant, therefore, will not be permitted to introduce Davis's past lawsuit as substantive evidence.

**B. River Region's Motion in Limine, Docket No. 66**

Through this motion, River Region seeks to prohibit Davis, her counsel, and any other witness, from referencing Davis's contention that her treating physician, Dr. Kimberly Peace, told her to resign from her employment with River Region for health reasons because (1) Davis did not include that conclusion in her Rule 26(a)(2)(D) expert designation, nor was it contained in the physician's medical records, and because (2) it should be excluded as hearsay.

Local Rule 26(a)(2)(D) governs the first issue. It provides, in relevant part:

> A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under FED.R.EVID. 702, 703 or 705, and a summary of

>the facts and opinions to which the witness is expected to testify.
>The party must also supplement initial disclosures.

L.U. Civ. R. 26(a)(2)(D).

River Region argues that Davis failed to "disclose the subject matter and a summary of facts and opinions to which the witness would testify" as required by the Rule. The argument, however, is unavailing because Davis's Rule 26(a)(2)(D) designation gave River Region adequate notice of both the subject matter and the facts and opinions that the treating physician would testify about in this case.

The Plaintiff's "Designation of Treating Expert Witnesses" explains:

> Plaintiff's physicians and healthcare providers may testify in this case as to the *treatment* of Ms. Davis and in the course thereof may offer opinion testimony as to the cause of the physical and mental condition, both present and future, of the Plaintiff
> * * *
> It is anticipated that *treating physicians* and healthcare providers *will opine that* the racial/sexual harassment and *River Region's expressed and/or tacit ratification* of the same *has had an adverse and negative effect on the physical and mental health of the Plaintiff*.

Docket No. 66-1 (emphasis added).

Thus, River Region was duly notified that the physician would testify to her past treatment of Davis, and was also notified that the physician would testify that River Region's "express and/or tacit ratification" of sex harassment negatively affected Davis's physical and mental health. Moreover, River Region deposed the treating physician and therefore, was given fair opportunity to ask all relevant questions concerning Davis's medical treatment—including medical advice received in the course of that treatment. Its failure to do so should not be grounds for excluding testimony, or other relevant evidence, at trial.

River Region's contention that the treating physician's conclusion should be excluded because it does not appear in her medical records is also unavailing under Local Rule 26(a)(2)(D). *See, e.g.*, *Rosamond v. Great Am. Ins. Co.*, 3:10-CV-263, 2011 WL 4433582, *3 (S.D. Miss. Aug. 4, 2011) (allowing treating physician to testify to matters contained in the expert designation, but not in medical records, under the current version of Local Rule 26(a)(2)(D)); *Cuevas v. T & J's Last Minute Seafood Exp., Inc.,* 1:10-CV-104, 2011 WL 1898919, *4 (S.D. Miss. May 13, 2011) (permitting treating physician to offer opinion on causation where such opinion was contained in designation, but not in medical records).

River Region's contention that the testimony should be excluded as hearsay is premature. The Plaintiff should be allowed to determine how she wants to introduce evidence regarding medical advice that she was given while under the care of her treating physician. If the testimony is introduced as hearsay, then the Defendant's objection, if any, would be sustained. But it would be inappropriate for the Court to exclude the testimony as hearsay at this stage, when no testimony has been introduced. Accordingly, the Court finds that this motion is denied.

### III. Conclusion

For the foregoing reasons, it is ordered that Plaintiff's First Motion in Limine, Docket No. 71, is GRANTED IN PART and DENIED IN PART. It is further ordered that Defendant's Motion in Limine, Docket No. 66, is DENIED.

**SO ORDERED**, this the 26th day of October, 2012.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE